IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY FRICK, | ) | CIVIL ACTION - LAW |
| | ) | |
| Plaintiff, | ) | NO.        21-282 |
| | ) | |
| v. | ) | |
| | ) | |
| WABTEC, CORP. d/b/a FULMER | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

**COMPLAINT**

AND NOW, comes the Plaintiff, Jeremy Frick, by and through his counsel, Susan N.

Williams, Esquire, and Williams Law Offices, and files the within Complaint, in support thereof

alleging as follows:

**I. INTRODUCTION**

1.     This action is brought pursuant to the Americans with Disabilities Act, as

amended [42 U.S.C.S. Section 12101 et seq.] ("ADAAA") and the Pennsylvania Human

Relations Act [43 P.S. § 955 et seq.] ("PHRA").  In violation of both the ADAAA and the

PHRA, Plaintiff alleges that he was refused a reasonable accommodation, and was forced to

resign his position.

**II. JURISDICTION AND VENUE**

2.     This Court is permitted to maintain personal jurisdiction over the Defendant

because its contacts with the Commonwealth and this judicial district are sufficient to meet the

minimum requirements necessary to satisfy the notions of fair play and justice established by the

United States Supreme Court in *International Shoe Company v. Washington*, 326 U.S. 310

(1945) and its progeny.

1

3.      The United States District Court for the Western District of Pennsylvania has federal question jurisdiction over this case because alleged violations of the ADAAA arise under the laws of the United States.  28 U.S.C. § 1331. This Court has supplemental jurisdiction over the alleged violations arising under Pennsylvania law.  28 U.S.C. § 1367.

4.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b)(1), (2) as the Defendant resides within the district and a substantial part of the events and occurrences described herein took place within the district.

### III. PARTIES

5.      Plaintiff, Jeremy Frick, ("Mr. Frick") is an adult individual currently residing at 105 Machulsky Lane, Avonmore, PA 15618.

6.      Defendant, Wabtec, Corp., d/b/a Fulmer Company, is a business operating in the Commonwealth of Pennsylvania with a business address of 3004 Venture Court, Export, PA 15632.

### IV. FACTUAL BACKGROUND

7.      The averments of Paragraphs 1 through 6 are incorporated by reference, as if more fully set forth herein.

8.      Mr. Frick began his employment with the defendant on June 10, 2019, as a Buyer Planner.

9.      During the interview process Mr. Frick advised the defendant that he suffered from bipolar disorder for which he was prescribed Valium.

10.     At that time, he also informed them that he would consider leaving the position that he had held for three years in order to advance his career and increase his compensation, and that he would require health benefits.

11.     When offering Mr. Frick the position the defendant indicated that they would provide training.

12.     At that time, no time limit or probationary period was mentioned.

13.     Nor was Mr. Frick provided with the job description.

14.     Mr. Frick began his training with the individual who had held the planner position for several years, named Ashley.

15.     Ashley would not allow Mr. Frick time to take sufficiently detailed notes.

16.     She complained that he asked too many questions and instructed him to figure things out on his own, which he did.

17.     On Friday, August 2, 2019 the plant manager, Rudy, informed Mr. Frick that he (Rudy) felt like Mr. Frick should be further along in his training.

18.     Mr. Frick was very surprised by this news, as he was not aware of any anticipated time frame for his training.

19.     Mr. Frick explained to Rudy that, while following his trainer's instructions to work more independently, it often took him longer to figure out certain situations.

20.     When Mr. Frick was advised that his career with the defendant could be in jeopardy if he did not increase the pace of his training, he was shocked, as he was not aware of any time limit or probationary period.

21.     This caused Mr. Frick to experience severe anxiety which exacerbated his bipolar disorder, so that he made an appointment with his doctor for the following Monday, August 5, 2019.

22.     He contacted HR representative Barb, plant manager Rudy, and chief HR officer Scott Wahlstrom, to discuss his disability in further detail and to request accommodations.

23.     These individuals discussed Mr. Frick's disability, as well as his confidence that he could do the job properly with the reasonable accommodation, his need for more time to train, and the issue of adequate instruction with the ability to ask questions and take thorough notes.

24.     On August 21, 2019 Mr. Frick provided paperwork completed by his doctor, as requested by the defendent.

25.     The severe anxiety and depression due to the constant fear for his livelihood made it extremely difficult to focus and learn new tasks and exacerbated his bipolar disorder to such an extent that he considered hospitalization.

26.     The defendant finally responded to his request for accommodations on August 29, 2019.

27.     Barb and Rudy told Mr. Frick that, based upon his interview and resume he should not need this much time to train.

28.     Instead of accommodating Mr. Frick, the defendant's agents told him that he would be terminated if he did not learn the remaining two-thirds of the position within the following two-week period and "run the schedule" on his own.

29.     When Mr. Frick attempted this he had a panic attack on September 3, 2019, which prompted his doctor to excuse him from work.

30.     When he returned to work on Monday, September 9, 2019 he was assigned to work independently in the shop.

31.     On Tuesday, September 10, 2019 he was instructed to "run the schedule" on his own and that his termination would take effect on September 18, 2019 if his training was not complete.

32.     He attempted to do so until the stress became too much for his bipolar disorder, at which point he asked not to continue subjecting himself to the stress due to the impact on his health.

33.     Since the defendant already intended to terminate Mr. Frick on September 17, 2019, it was agreed that Mr. Frick would be let him go at the end of the day on September 10, 2019.

34.     Mr. Frick filed a Charge of Discrimination at No.533-2020-01150 alleging violations of the ADAAA.

35.     His Charge was dual-filed with the PHRC, pursuant to his request.

36.     He received a Dismissal and Notice of Suit Rights pertaining to this Charge from the EEOC dated December 1, 2020.

**V. COUNT 1**
**ADAAA-DISCRIMINATION**

37.     The averments of Paragraphs 7 through 36 are incorporated by reference, as if more fully set forth herein.

38.     Mr. Frick has suffered discrimination in violation of the Americans with Disabilities Act, as amended.

39.     Specifically, Mr. Frick is a qualified individual with a disability which significantly impairs a number of his life functions when active.

40.     He had requested the reasonable accommodation of additional time to learn his job.

41.     Mr. Frick suffered severe emotional distress as a result of this termination.

WHEREFORE, Plaintiff requests relief as is appropriate under 42 U.S.C. § 12117, including, but not limited to back pay, front pay, compensatory damages, punitive damages, pre- and post-judgment interest, reasonable attorney's fees and costs.

## VI. COUNT 2
## PHRA – DISCRIMINATION

42.     The averments of Paragraphs 7 through 36 are incorporated by reference, as if more fully set forth herein.

43.     Claims raised under the PHRA are interpreted in line with claims raised under the ADAAA.  *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996).

44.     Accordingly, Mr. Frick's s discrimination and retaliation claims raised under the ADAAA are alleged similarly under the PHRA.

WHEREFORE, Plaintiff is entitled to affirmative relief including, but not limited to back pay, front pay, pre- and post-judgment interest, compensatory damages, punitive damages, reasonable attorney's fees and costs.

Respectfully Submitted,

*s/Susan N. Williams, Esq.*
Susan N. Williams, Esquire
 Pa ID No. 40077
Williams Law Offices
101 North Main St., Suite 104-A
Greensburg, PA 15601
(724) 331-7678
(724) 838-8115 (fax)